## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

KEVIN ANDREW HINES                                                          PLAINTIFF

V.                                                                         NO. 2:09CV128-P-S

BILL MAGEE, et al.                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

On March 2, 2010, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

### Factual Background

Plaintiff claims a violation of the Eighth Amendment right to be free from the use of force that constitutes cruel and unusual punishment. On March 24, 2008, Panola County Sheriff's Deputies were conducting an undercover drug buy from Hines using a confidential informant ("CI"). The CI arranged to meet Hines on a secluded road. The deputies followed the CI to the location where they audibly and visually observed the transaction. When deputies arrived at the scene, they ordered Hines, who was behind the steering wheel, out of his vehicle. Two of the deputies were directly in front of Hines' vehicle. Hines did not comply with the deputies orders. Instead, he sped directly towards two of the deputies. All the deputies fired their guns at Hines and the vehicle. Despite the gun shots, Hines was fled the scene. He did not, however, escape without injury. Hines was struck in the head by one of the bullets. He returned to the scene on foot and was apprehended. Hines was immediately taken to a nearby hospital and treated for his injury. Twelve staples were used to close a laceration in Hines' scalp, he was given pain medication and discharged approximately two to three hours later.

The plaintiff was convicted of aggravated assault on a police officer based on the use of his vehicle as a weapon against the deputies and possession of a controlled substance. Hines filed this complaint alleging that the deputies use of force was excessive.

## Heck and Excessive Force Claims

It is well settled under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), that when an plaintiff like Hines brings a section 1983 claim against the arresting officers, "the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008) (citations omitted). If so, the claim is barred unless he can prove that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

To prevail on his section 1983 claim for damages arising out of the alleged excessive use of force, Hines must prove that the deputies' use of force was objectively unreasonable under the circumstances. *Conners*, 538 F.3d at 377 (citing *Graham v. Connor*, 490 U.S. 386, 395-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). In Mississippi aggravated assault is defined by statute:

> a person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.

Miss. Code Ann. § 97-3-7(2). Such an assault may be committed with a motor vehicle either intentionally or by driving so negligently as to constitute a reckless disregard of human life and safety. *Nix v. State*, 763 So.2d 896, 901 (Miss. App. 2000). In this state, the use of deadly force is authorized to repel deadly force and retreat is not a prerequisite. *See Elkins v. McKenzie*, 865 So.2d 1065 (Miss. 2003).

When reviewing an excessive force claim, courts must balance the constitutional rights of prisoners with the needs of officials to effectively use force to maintain order. *Hudson v.*

*McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). To establish liability on the part of defendants the plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable. *Bazan v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001); *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). The use of deadly force violates the Fourth Amendment unless "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985).

In *Connors*, the Fifth Circuit held that *Heck* will bar a plaintiff's excessive force claim where officers acted pursuant to statutory authority authorizing the use of deadly force. 538 F.3d at 377. The court noted, however, that *Heck* would bar the plaintiff's claim even in the absence of the state statute because "an officer's use of deadly force does not violate the constitution if 'the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Id.* at 377, n.3 (citing *Tennessee*, 471 U.S. at 11).

Here, the excessive force claim under 1983 and state conviction for aggravated assault against deputies which arise out of the same factual basis, is barred under *Heck*. Liability cannot be assigned to the deputies without impugning Hines' conviction of aggravated assault. If the court were to hold that the deputies' use of force was excessive, it would imply that Hines did not attempt to cause serious bodily injury by speeding toward them in his vehicle thereby invalidating the assault. The court can see no dividing line between Hines' aggravated assault conviction and the officers' use of force. Hines has been convicted of aggravated assault with respect to the same events and, thus, the force used by deputies to protect themselves, up to and including the use of deadly force, could not be deemed excessive without necessarily implying the invalidity of the conviction. *Cf. Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (noting

that the use of force applied after the plaintiff was arrested and restrained and posed no threat to officers would not implicate the validity of the conviction for resisting arrest).

## Conclusion

It is, therefore, the recommendation of the undersigned that the complaint be dismissed with prejudice as barred by *Heck*.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen (14) days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen (14) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 4th day of March, 2010.

/s/ David Sanders_____
U.S. MAGISTRATE JUDGE