# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

KEVIN ANDREW HINES                                                                                    PLAINTIFF

v.                                                                                                    No. 2:09CV128-P-S

DEPUTY SHERIFF BILL MAGEE, ET AL.                                                                     DEFENDANTS

**ORDER DECLINING TO ADOPT
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the court on the *pro se* prisoner complaint of Kevin Andrew Hines. He alleges that the defendants used excessive force by shooting him in the head while arresting him on Marsh 24, 2008.42 U.S.C. § 1983. The plaintiff was convicted of aggravated assault on a police officer based upon facts arising out of plaintiff's arrest. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The Magistrate Judge has issued a report and recommended that this case be dismissed, concluding that a resolution of this issue in the plaintiff's favor would necessarily call into question the plaintiff's conviction for aggravated assault on a police officer, citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). For the reasons set forth below, the court declines to adopt the Magistrate Judge's Report and Recommendation and holds that the case should proceed as to all defendants.

**Discussion**

Hines has been convicted of aggravated assault on a police officer because he drove his vehicle toward two sheriff's deputies. The deputies shot at him during this incident, and one of their bullets struck the plaintiff in the head. If the deputies' use of force was objectively unreasonable under the circumstances, then the plaintiff may recover damages under 42 U.S.C. §

1983.  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).  The Magistrate Judge reasoned in his Report and Recommendation that the deputies "had probable cause to believe that [Hines] posed a threat of serious physical harm, either to the [deputies] or two others," citing *Tennessee v. Garner*, 471 U.S. 1, 11 S.Ct. 1694, 85 L.Ed.2d 1 (1985).  In his objections to the Report and Recommendation, Hines argues that his success on the merits of his excessive force claim in this case would not necessarily call into question his conviction for aggravated assault on a police officer – because, according to Hines, the deputies shot him in the head after he had already passed them by in his car and was no longer a threat.  The medical records and other documents Hines supplied with his objections are at least consistent with this theory.  If, indeed, the plaintiff was merely fleeing the scene at the time he was shot, then his conviction for aggravated assault could stand (because he attempted to strike the deputies with his vehicle) – and he could yet recover for excessive force arising out of the incident (because the officers would have shot a suspect who did not pose an immediate threat).  The precise sequence of events – and their timing – would determine the outcome of the plaintiff's excessive force claim.

The court offers no opinion on the strength of such a claim, holding only that the allegations, as supplemented by the plaintiff's objections, state a claim for relief under 42 U.S.C. § 1983.  As such, the plaintiff's claim of excessive force will proceed as to all defendants.

**SO ORDERED,** this the 21st day of September, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE